STATE ex rel. Seim., Appellant, v. CRONIN et al., Respondents.

(137 N. W. 593.)

1.  **Findings—Sufficiency of Evidence—Review—Freeholder—Fraud.**
    Judgment on findings of fact by trial court, are presumptively right; and unless the evidence clearly preponderates against such findings, they will be affirmed. So **held,** where they involve an issue of fraud in obtaining land sale contracts under which claim is made that the holders are freeholders.
2.  **Intoxicating Liquors — Local Option — Freeholders' Petition — Fraudulent Purchase of Land.**
    Under a proceeding by prohibition to restrain submission to vote of question whether liquors should be sold at retail, on ground that signers of petition for such submission had fraudulently acquired title to small tracts of realty in order to qualify them as petitioners; **held,** the evidence is sufficient to support trial court's finding that a sufficient number of signers were freeholders.

(Opinion filed October 1, 1912.)

Appeal from Circuit Court, Grant County. Hon. FRANK McNULTY, Judge.

Proceeding in the nature of a writ of prohibition by the State, on the relation of C. L. Seim, against T. R. Cronin and others, to restrain and prohibit submission to a vote of question of sale of

intoxicating liquor at retail.   From a judgment denying a preemptory writ of prohibition, and from an order denying a new trial, plaintiff appeals.   Affirmed.

See, also, this case on motion to dismiss the appeal, ——— S. D. ———, 137 N. W. 592.

*Geo. S. Rix,* for Appellant..

We claim that the proof shows that one Mr. Schultz, who was a man running the saloon at Albee, purchased an acre tract of land on the 30th day of January, 1908, a short time prior to the time when it was necessary to procure signers on the petition asking for a vote on the license question and that, coupled with the fact that on the identical day he gave contracts for deeds, signed by himself and the purchasers to various persons, nine in number, and that he had no other real estate in Albee, that the proposition is clearly shown to have been to qualify these men to sign these liquor petitions. A conveyance or transaction had for the purpose of qualifying these men to sign liquor petitions, cannot be cured by the lapse of time no more than fraud can be cured by time.

The evidence shows that no legal plat was ever filed in the office of the Register of Deeds as required by law.   Article 14 of the political code, page 258.

We will next consider the authorities governing the question of bona fide freeholders and ask the court to examine these authorities and to consider the facts in these cases and note their similariy to the cause at bar and the way that a question of good faith is determined.   Bennett et al., v. Otto et al., 94 N. W. 80. Colglazer v. Mclary and Martin, 98 N. W. 670.   In re Powell, 119 N. W. 9; Dye v. Reser et al., 112 N. W. 332; Powell v. Morrill et al., 119 N. W. 9; Marcia v. Yost et al., 124 N. W. 460; 3 Atl. 65.

If the rule adopted by the trial court was adhered to it means that any voter who has a deed recorded to the smallest conceivable area of real estate is a competent signer.  It may be argued if the legislature desired any limitations or qualifications to be placed upon freeholder voters that it was the duty of the legislature to prescribe them.   It might have been made clearer if the legislature

had fixed such limitations, but because the legislature failed to do so the courts should not shut their eyes to the true intent and spirit of the lawmakers and open the doors to the perpetration of fraud.

· *Thos. L. Bouck,* for Respondents.

It will be presumed that there was some competent evidence to sustain the findings, and upon a case presented as this one is, this court will not review the sufficiency of the evidence. "This rule has been so long established in this court that a citation of authorities is unnecessary." State v. Doran, Supra; Ricker v. Stott, 13 S. D. 208; 83 N. W. 47; Hill v. Whale Min. Co., 15 S. D. 574; 90 N. W. 853; Tom Sweeney Hdw. Co. v. Gardner, 18 S. D. 166; 99 N. W. 1005; Clark v. Connors, 18 S. D. 600; 101 N. W. 833.

Freeholders. Sec. 245, Rev. Civ. Code, 1903, defines a freehold estate as follows: Sec. 245.—"Estates of inheritence and for life are called estates of freehold."

Sec. 242, Rev. Civ. Code, 1903, is as follows: Sec. 242.— "Every estate of inheritance is a fee, and every such estate when not defeasible or conditional, is a fee simple or an absolute fee."

Each of the parties above mentioned, whose qualifications are questioned, arc owners in fee of the lots so deeded to them as shown by the evidence. There is no question raised but that they are legal voters, and being such legal free holder voters, were qualified to sign the petition.

Again referring to Chapt. 166 of the Laws of 1903, the attention of the court is called to the fact that the only requirement under that law to qualify a person to sign a petition is, that he shall be a legal freeholder voter. No limitations or other requirements are placed upon that qualification.

"While the court must seek for and give effect to the meaning of the lawmakers, its research must not extend beyond legislative language when couched in words that are free from any ambiguity, and it is not within the judicial power to create a public offense by supplying words in a statute." Ex parte Brown, 21 S. D. 515; 114 N. W. 303; Lake Co. v. Rollins, 130 U. S. 262; 32 L. Ed. 1060; 36 Cyc., page 1114.

Article 14 of the Pol. Code; 1903, does not apply.

"Fraud is never presumed, but must be affirmatively proved. On the contrary, the presumption, if any, is in favor of innocence; the burden falls on him who asserts fraud whether he be plaintiff or defendant to establish it by proving every material element in the cause of action by a preponderance of the evidence." 20 Cyc. 108; Crocket v. Miller, 96 N. W. 491; Hayrock v. Surerus, 9 N. D. 28; 81 N. W. 36.

"The burden of conclusively proving the non-existence of good faith and the existence of fraud is on the relator. Good faith is the opposite of fraud and bad faith and its non-existence must be established by proof." McConnell v. Street, 17 Ill. 253.

. CORSON, J.  This is an appeal by the plaintiff, C. L. Seim, from a judgment entered in favor of the defendants. The proceeding is in the nature of a writ of prohibition to restrain and prohibit the defendants from submitting to a vote the question, "Shall intoxicating liquors be sold at retail in the town of Albee?" upon the ground that the petition filed with the clerk of the town of Albee did not contain the signatures of 25 legal freeholder voters of said town.  It is alleged in the complaint of the appellant, in substance, that said petition did not contain the names of more than 16 legal freeholder voters, although it purported to have 27 legal signers thereto; that the 10 persons named in the complaint were not qualified to sign a liquor petition asking for a vote on that question; that the records failed to disclose that they had title to real property, although some of them had contracts for the purchase of small tracts of land within the limits of the town of Albee; that these titles came from one C. L. Schultz, a saloon keeper at that place; that whatever title they had to real estate in the town of Albee was conveyed to them by said Schultz, and was only held for the purpose of qualifying them to sign liquor petitions, and they had no real interest or title in any real estate; that the petition in question was signed in the months of January and February, 1911; and filed with the town clerk on the 2nd day of February, 1911, and that upon this petition the town trustees, defendants herein, were about to submit the question to the voters of said town.

The answer admitted the filing of the petition; that the defendants were about to submit the question to the voters of the town, but denied that the petition was not signed by 25 legal freeholders, but, on the contrary, alleged that the petition was signed by 27 legal freeholders of said town, each and every one of whom was qualified to sign said petition, and denied the other allegations of the complaint.

On the trial the court, inter alia, found "that said petition so filed on the 2d day of February, 1911, was signed by 27 legal freeholder voters of said town of Albee, each and every one of whom was qualified to sign said petition;" that the persons named in the petition, alleged not to be qualified to sign the same, were, and each of them, at the time they signed said petition, legal freeholder voters of said town, and legally qualified and entitled to sign said petition under the laws of this state, and each of the said persons were residents, electors, and owners in fee of lands in said town of Albee. The court concluded from its findings that the defendants were entitled to judgment denying a premptory writ of prohibition, and judgment was accordingly entered in favor of the defendants. Motion for new trial was made and denied.

This court recently decided, in the case of State ex rel. Dilman v. Weide et al., 135 N. W. 696, that persons holding contracts for the purchase of real estate are freeholders, within the meaning of the statute requiring the petition upon the question as to whether or not intoxicating lquors shall be sold at retail shall be signed by 25 legal freeholders.

[1]  The only question to be considered, therefore, on this appeal is as to whether or not such purported freeholders obtained their title fraudulently, for the purpose of qualifying them to sign the petition. This question is one necessarily of fact; and the court in effect found that the title acquired by these persons was not fraudulent acquired, for the purpose of qualifying them to sign said petition. The findings of the court are presumptively right; and, unless the evidence clearly preponderates against such finding, the judgment of the court below must be affirmed The evidence in the case is voluminous, and no useful purpose would be

served by setting it out in full in this opinion, and a brief summary must suffice.

[2] It is disclosed by the evidence that in the fall of 1908 Schultz, from whom the persons who signed the petition claimed titles, which are alleged to be fraudulent, purchased an acre of land within the limits of the town of Albee on the south side of the railroad, and about 400 feet from the railroad right of way; that there are no buildings or improvements in that vicinity, and that the one acre purchased by Schultz was divided up into 9 lots, and contracts given to the various parties, respectively, for the sale of said lots; that the parties so contracting to purchase said lots, and who subsequently received quitclaim deeds for the same, have made no improvements thereon. But all, or nearly all, of these persons were called as witnesses on the part of the defendants, and testified that their respective purchases were made in good faith, and not with any fraudulent intent. While there were some circumstances proven that might create a suspicion that the transactions between Schultz and the respective parties were made with a view of enabling them to sign the petition, their denial of any fraudulent intent on their part, and their assertion that they entered into the contracts or received the deeds in good faith, and without any fraudulent intent, clearly authorized the findings of the court in favor of the defendants. There was therefore no preponderance of evidence against the findings of the court; but, in view of the evidence as to the good faith of the respective parties in making the contracts and receiving the deeds, the court could not have consistently found otherwise than in favor of the defendants.

The judgment and order denying a new trial are affirmed.